THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW OSTROWSKI, MARK ROUSHION, KILOE YOUNG, JASON DOERRER, PEDRO SANTIAGO, KYLE ELLIS, ANDY TORRALES, DYLAN JORDAN, JOSEPH VORRASO, DAVID DROPSKI, AUSTIN VERLINDEN, STEPHEN DENZ, JOEL BERNABEL, JAN PAOLO JIMENEZ, TIMOTHY FARLEY, ALEXANDER MONTGOMERY, RYAN BRENEK, JORRELL DYE, CHESTER BAILEY, GUKJIN CHUNG, GARRET GIORDANO, FRANCIS PALAGANO, and PATRICK E. PARKER,<br><br>Applicants. | No. 2:16-mc-00131-RSL<br><br>NON-PARTY AMAZON.COM, INC.'S RESPONSE TO MOTION TO COMPEL |

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL)

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

Amazon takes seriously the privacy of its customers. Applicants' motion to compel seeks to invade the privacy rights of thousands of Amazon's customers by requiring Amazon to reveal their names and contact information to a class action administrator for commercial purposes. Applicants' request would breach Amazon's privacy policy and undermine the trust that Amazon's customers place in Amazon. Moreover, granting this motion would inappropriately position Amazon as a clearinghouse for similar requests from other class action plaintiffs. These are undue burdens to impose on Amazon under any circumstances, and particularly so here given that Amazon is not even a party to the underlying dispute. Applicants have ample means to contact class members without forcing Amazon to compromise its customers' trust. Amazon respectfully requests that the Court deny the motion to compel.

## I. FACTUAL BACKGROUND

Applicants are named representatives of a putative class in the underlying case, *In re NVIDIA GTX 970 Graphics Chip Litigation*, No. 15-cv-760 (N.D. Cal.). On July 7, 2015 (not July 6, 2015), Applicants served the instant Subpoena on Amazon. *See* Dkt. # 1-1 at 62 (Declaration of Neal J. Deckant ("Deckant Decl.")) (Ex. E). The Subpoena called for production on July 30, 2016. *Id.* at 52 (Ex. D). Amazon served its objections a week in advance, on July 23, 2015. *Id.* at 64-77 (Ex. F). Those objections made clear from the outset Amazon's position on disclosure of its customers' information; namely, that Amazon would not produce any such information. *Id.* at 72-73 ("Amazon protects the privacy of its customers. Amazon will not produce identifying customer information.").

Amazon then promptly coordinated with Applicants' counsel to seek identification of the products at issue and discuss the scope of the Subpoena. Declaration of Vanessa Power ("Power Decl.") ¶ 2. On September 16, 2015, Amazon produced responsive sales data without identifying its individual customers. *Id.* ¶ 3. Specifically, Amazon produced voluminous data on sales of the 108 products at issue. *Id.* Those data included, for each sale, the order date, order number, product number, product name, quantity, price, shipped-to state and zip code, and

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-mc-00131-RSL) - 1

87956400.5 0053837-00633

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

billed-to state and zip code. *Id.* Those data were anonymized, consistent with Amazon's specific objection to Applicants' request for customer identification and contact information. *Id.*

Over eight months later, on May 27, 2016, Applicants' counsel contacted Amazon to seek production of personally identifying information about Amazon's customers. *Id.* ¶ 4. That request is at odds with Amazon's promise to its customers to safeguard the privacy of their personal information. Amazon's privacy policy provides, in relevant part:

> Amazon.com knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly. . . . Information about our customers is an important part of our business, and we are not in the business of selling it to others. We share customer information only as described below and with subsidiaries Amazon.com, Inc. controls that either are subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice.
>
> We release account and other personal information when we believe release is appropriate to comply with the law; enforce or apply our Conditions of Use and other agreements; or protect the rights, property, or safety of Amazon.com, our users, or others. . . . Obviously, however, this does not include selling, renting, sharing, or otherwise disclosing personally identifiable information from customers for commercial purposes in violation of the commitments set forth in this Privacy Notice.
>
> We stand behind the promises we make . . . . [We] will never materially change our policies and practices to make them less protective of customer information . . . without the consent of affected customers.

Dkt. # 1-1 at 46-50 (Ex. C). In light of that privacy commitment, on which its customers rely, Amazon notified Applicants that it would not produce personally identifying information. Power Decl. ¶ 5. This motion followed.

## II.  ARGUMENT

In evaluating a third-party subpoena, the Court must weigh the burden to the subpoenaed party against the value of the information to the serving party, as measured by "such factors as relevance, the need of the party for the documents, . . . and the burden imposed." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (citation omitted); *see*

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 2

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

*Arista Records LLC v. Lime Group LLC*, No. 10-CV-02074-MJP, at *3, 5 (W.D. Wash. 2011) (denying motion to compel Amazon to respond to subpoena seeking "sales information for 11,000 individual songs over a five year period" because "the hardship to Amazon in producing the requested documents outweighs their benefit to Defendants"). In striking this balance, the "concern for the unwanted burden thrust upon non-parties" is entitled to special consideration and weight. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (affirming trial court's order quashing subpoena and favorably quoting commentary calling for "an increased consciousness of the excesses [of non-party discovery] and an increased willingness either assumed voluntarily or imposed through wider use of the discretionary powers of the court to check them" (citation omitted)).

In this case, the Court must consider not only the burden and prejudice to Amazon as a non-party recipient of the Subpoena, but the burden and prejudice to non-party Amazon customers whose private personal information will be disclosed, contrary to their reasonable expectations and without their consent. As addressed below, those significant burdens and privacy concerns must override Applicants' desire for information that is merely convenient but not necessary for administration of the settlement class.

**A.     Amazon's Objections To The Subpoena Were Proper And Timely.**

As a threshold matter, Applicants make two unfounded process objections regarding Amazon's response to the Subpoena. First, Applicants contend that Amazon's reliance on its privacy policies was improper and disingenuous because those policies permit Amazon to release customer information where "appropriate to comply with the law." Applicants contend that the Subpoena itself constitutes "lawful process" that compels Amazon to respond. That argument ignores Fed. R. Civ. P. 45(d)(2), which allows a subpoenaed party to serve objections and, if those objections cannot be resolved, requires the serving party to seek a court order. Amazon is not currently under any legal compulsion to produce customer information, and such compulsion

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 3

would be entirely inappropriate under the circumstances here.  And, for all of the reasons addressed below, the Court should deny the motion.

Second, Applicants contend that, because Amazon asserted its objections 16 days after the Subpoena was served, those objections were untimely (by two days) and are therefore waived.  That position is itself belated and misguided for several reasons.  Applicants' technical argument, asserted a year after the fact, elevates form over substance.  The Subpoena called for production on July 30, 2015; a full week in advance of that date, Amazon served its objections.  Amazon then immediately coordinated with Applicants' counsel to clarify and narrow the scope of the Subpoena, and promptly made a comprehensive production of agreed data reflecting all potentially relevant sales transactions for 108 products over a multi-year period.  At every step, Amazon has acted in good faith and Amazon's position with respect to its customers' privacy has never been a secret to Applicants.  Applicants' technical two-day "gotcha" certainly should not trump the serious third-party privacy concerns at issue here.

More to the point, Applicants have not established the grounds for waiver.  A short delay in objecting to a subpoena does not result in a waiver where, as here, "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena."  *Uzzell v. Teletech Holdings, Inc.*, No. C07-0232 MJP, 2007 WL 4358315, at *2 (W.D. Wash. Dec. 7, 2007) (citation omitted).

There can be no reasonable dispute that the Subpoena was facially overbroad.  It included 18 separate requests for substantial documents and data.  *See* Dkt. # 1-1 at 52-60 (Ex. D). Among other things, for 108 products (eventually identified through a meet-and-confer call between counsel), Applicants sought, over a multi-year period, "***[a]ll data [Amazon] retain[s]***" on the number of products sold and returned; prices paid and revenues collected by Amazon; refunds provided, refund policies, and to whom refunds were paid; promotional and advertising

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 4

87956400.5 0053837-00633

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  materials; and reviewer or product specifications for the products. *Id.* (Request Nos. 1-5, 10, 15-18). Furthermore, Applicants sought **"*[a]ll information you received*"** and **"*[a]ll communications with*"** product manufacturers NVIDIA, EVGA, ASUS, MSI, PNY, Zotac, and Inno3d regarding product specifications, advertisement, promotion, or sales, as well as return or refund reimbursement agreements, indemnification agreements, or insurance agreements. *Id.* (Request Nos. 7, 9, 11). The Subpoena also called for the production of **"*[a]ll data you retain*"** that identifies who purchased the products, including name, address, phone number, email address, customer loyalty program data, prices paid for products, and any refund requests. *Id.* (Request No. 12). Those expansive requests called for the identification and production of voluminous records and information well beyond the bounds of what might be helpful to "meet the direct notice requirements of Rule 23(c)(2)(B)." Dkt. # 1 at 4; *compare with Am. Int'l Life Assur. Co. of N.Y. v. Vazquez*, No. 02-CV-00141 HB, 2003 WL 548736, at *3 (S.D.N.Y. Feb. 25, 2003) ("The sweeping subpoena seeking 'any and all records pertaining to [a party]' was *prima facie* improper." (citation and alterations omitted)). The requests went even farther and sought details as to Amazon's "revenues," which is commercially sensitive information with no relevance to this matter. *See Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13-CV-1395 GPC BLM, 2014 WL 3573400, at *5 (S.D. Cal. July 18, 2014) (noting that "financial data concerning [a party's] sales . . . warrants protection"). As a non-party, Amazon was certainly justified in objecting to the overbroad scope of the Subpoena but nevertheless negotiated in good faith with Applicants to appropriately narrow that scope (satisfying the first and second *Uzzell* prongs).

Applicants misread the third *Uzzell* prong as strictly requiring Amazon to contact Applicants prior to serving objections. That is not the law. In *Semtek International, Inc. v. Merkuriy Ltd.*, No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996), the court deemed it sufficient that the parties were engaged in negotiations prior to the applicant filing a motion to compel, as occurred here. And in *Century 21 Real Estate, LLC v. All Professional Realty, Inc.*, No. 2:10-CV-2751 WBS GGH et al., 2012 WL 2090434, at *4 (E.D. Cal. June 8,

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 5

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

2012), the court declined to find waiver based on "[t]he most decisive factor . . . that [the objecting party] was in regular contact with the subpoena service regarding production, and that as soon as counsel for [the objecting party] became involved [and objections were served], contact was continued by counsel." *See also Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 137 (S.D. Ohio) (finding the third prong met although parties had not discussed objections prior to service that was several weeks late). In short, the rules contemplate some flexibility, which makes sense: the three *Uzzell* considerations are just examples of "unusual circumstances and . . . good cause" that can preclude waiver. *Semtek*, 1996 WL 238538, at *2. Amazon's good-faith objections to the Subpoena were timely and were not waived. The Court can and should address this motion on the merits.

**B.   Applicants' Demands Create Significant Privacy Concerns.**

Applicants concede that the information they seek is confidential. *See* Dkt. # 1-1 at 85 (Ex. I) ("The parties to this consolidated action . . . recognize that the case may involve . . . information of parties and non-parties . . . which under applicable law is confidential."). What Applicants fail to acknowledge is that disclosure of Amazon's customer information runs afoul of well-recognized privacy principles. *See, e.g., Ctr. for Pub. Integrity v. FCC*, 505 F. Supp. 2d 106, 113 (D.D.C. 2007) (recognizing in context of a Freedom of Information Act request that disclosure of individuals' names, phone numbers, and email addresses would constitute an unwarranted invasion of privacy). Retailers like Amazon safeguard those principles through privacy policies on which customers rely. Amazon makes clear and express promises to its customers regarding how Amazon will and will not share or disclose customer data.

Customers trust that when they provide their sensitive personal and financial information to Amazon as part of a private retail transaction, that information will be protected consistent with Amazon's privacy policy. *See Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1168 (W.D. Wash. 2010) (denying motion to compel production of Amazon customers' information, recognizing that customers "will not continue to make such purchases if Amazon reveals the

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 6

87956400.5 0053837-00633

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

contents of the purchases and their identities"). Furthermore, Amazon's privacy policy states that it will never materially change its practices to be less protective without the consent of affected customers. To that end, Amazon has consistently acted to prevent disclosure of its customers' personal identifying information pursuant to subpoena. *See*, *e.g.*, *id.* at 1160; *Fed. Trade Comm'n ("FTC") v. Amazon.com, Inc.*, No. 14-CV-1038 JCC, 2015 WL 11256313, at *3 (W.D. Wash. Nov. 23, 2015); *In re Grand Jury Subpoena to Amazon.com Dated Aug. 7, 2006*, 246 F.R.D. 570, 572 (W.D. Wis. 2007).

Customers' privacy expectations are in particular jeopardy here because Applicants seek customer information for commercial purposes, *i.e.*, for use by a third-party vendor to reduce the effort required to send class action notices. But Amazon expressly promises its customers that it will not "shar[e] or otherwise disclos[e] personally identifiable information from customers for commercial purposes in violation of the commitments" in Amazon's privacy policies. Despite Applicants' efforts to trivialize the privacy issues here, they are far from trivial. Applicants assume without support that it is more important to Amazon customers to be made aware of their potential right to participate in a class action settlement and receive $30 than it is to have Amazon honor its privacy commitments and safeguard their personal information. Not only is that assumption dubious on its face (and undeniably wrong for at least some Amazon customers), it has no basis in customers' *actual* expectations. The only thing we know definitively about the expectations of Amazon customers—who have no means to express themselves here—is that they do business with Amazon under the umbrella of its privacy policies. The Court should not abrogate those expectations without a compelling reason, which Applicants do not provide.

In addition to the direct burden on non-party consumers who have no ability to protect their own privacy interests, the Court must also give special weight to the burdens on non-party Amazon. Amazon's business model depends on its customers' willingness to provide the sorts of sensitive personal and financial information necessary to engage in private retail transactions. That willingness might very well evaporate should Amazon suddenly begin disclosing such

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 7

87956400.5 0053837-00633

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

information to other commercial enterprises. *See Lay*, 758 F. Supp. 2d at 1168. It is hardly a trivial burden to force a retailer to jeopardize its business by violating its customers' expectations and trust.[1] To the contrary, Amazon's customers' privacy expectation is fundamental to their experience with and expectations of Amazon. The corresponding burden of violating that expectation here is no less fundamental.[2]

Applicants claim that "[t]here is nothing in Rule 45 (or any other rule or legal doctrine) to support Amazon's position that an internal privacy policy trumps its obligations to comply with a subpoena." Dkt. # 1 at 10. That argument entirely misses the mark. Amazon is not arguing that its privacy policies override this Court's authority if the Court were to compel Amazon to disclose customer data. But Applicants must first establish that they are entitled to those data under Rule 45, and as part of that inquiry the law requires the Court to afford special weight to

---

[1] Beyond general customer anger or dissatisfaction, Amazon also could be exposed to potential liability for violation of its privacy policies. *See Pinero v. Jackson Hewitt Tax Serv. Inc.*, 638 F. Supp. 2d 632, 634 (E.D. La. 2009) (finding that claim of fraud survived motion to dismiss because of a defendant company's "failure to maintain policies and procedures to protect customer privacy" in keeping with its privacy policy); *Carlsen v. GameStop, Inc.*, No. 15-2453, 2016 WL 4363162, at *4 (8th Cir. Aug. 16, 2016) (finding that "Carlsen's allegation that he did not receive data protection set forth in GameStop's [privacy] policies" was sufficient to establish standing for unjust enrichment claim).

[2] In a recent case involving a warrant directing Microsoft to seize and produce the contents of a customer's email stored in a database in Ireland, the Second Circuit recognized "the special role" Microsoft played as a service provider "vis-à-vis the content that its customers entrust to it." *See In Matter of Warrant to Search a Certain E-Mail Acc't Controlled & Maintained by Microsoft Corp.*, No. 14-CV-2985, 2016 WL 3770056, at *18 (2d Cir. July 14, 2016). The court noted Congress's concern "that developments in technology could erode the privacy interest that Americans traditionally enjoyed in their records and communications." *Id.* at *16. Based in part on these privacy concerns and Microsoft's relationship with its customers, the court determined that Microsoft could not be compelled to disclose the information. *Id.* at *18. Although customer communications are not at issue here, related private customer information is. And, like Microsoft, Amazon's relationship with its customers is only viable to the extent that customers feel they can trust Amazon to protect and properly handle the sensitive personal and financial information they must entrust it with. Moreover, future class counsels' strategic abuse of Amazon's customer database seems the sort of technological development that the *Microsoft* court feared could erode American privacy interests.

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 8

87956400.5 0053837-00633

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

the burdens imposed by the Subpoena. Those burdens—to both Amazon and its customers—hinge on Amazon's privacy policies and its commitments to protect its customers. And those burdens *should* trump Applicants' desire for mere administrative convenience and corresponding financial benefit.

### C.   Granting Applicants' Demands Would Create A Cumulative Burden For Amazon.

Amazon submits that the burdens identified above provide ample grounds to deny this motion, but the Subpoena has broader implications for Amazon (and similar retailers). In trying to minimize the impact of the Subpoena on Amazon—suggesting it merely involves re-running a database query (Dkt. # 1 at 12)—Applicants conspicuously ignore Amazon's "legitimate concern with the potential cumulative effect of granting such requests." *See Davis Enters. v. U.S. EPA*, 877 F.2d 1181, 1187 (3d Cir. 1989) (approving EPA's rejection of deposition subpoena based on anticipated cumulative impact of demands for testimony of EPA employees in subsequent private lawsuits). Large retailers like Amazon should not be forced to become third-party clearinghouses of consumer information for class action plaintiffs and their agents. It will create a troubling and potentially far-reaching precedent if Amazon (again, a non-party) is involuntarily forced to become part of the claims administration process in this case. That precedent could have possible implications, not just for Amazon but for other retailers, in every class action involving retail products sold online.

Amazon's position is distinguishable from that of the non-parties in the securities cases that Applicants cite. In those cases, the brokerage houses and banks were at least partially implicated in the underlying schemes, such that obtaining identifying information about individuals on behalf of whom those brokerage houses and banks had registered securities would not amount to a significant burden that outweighed the need for such information. *Connett v. Justus Enters. of Kan., Inc.*, No. CIV. A. 87-1739-T, 1991 WL 58356, at *1 (D. Kan. Apr. 5, 1991); *Peil v. Nat'l Semiconductor Corp.*, No. CIV.A. 77-4244, 1986 WL 11699, at *1 (E.D. Pa. Oct. 16, 1986); *In re Franklin Nat'l Bank Sec. Litig.*, 574 F.2d 662, 664 (2d Cir.), *on reh'g*, 599

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 9

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1   F.2d 1109 (2d Cir. 1978); *Berland v. Mack*, 48 F.R.D. 121 (S.D.N.Y. 1969) (accord).  By
2   contrast, Amazon is not implicated or involved in the underlying dispute here.  Nor is the
3   information at issue necessary to prosecute claims or establish liability; it is purely a matter of
4   convenience for Applicants (as discussed further below).

5        Applicants insist that their protective order sufficiently addresses Amazon's concerns.
6   Dkt. # 1 at 14.  But that position ignores the reality that the damage caused by release of
7   Amazon's customer information inherently results from the release itself.  *See Lay*, 758 F. Supp.
8   2d at 1168.  Put differently, even assuming that the protective order were honored and that
9   Amazon's customers' information were only used to identify and contact potential class
10  members, Amazon still would have revealed its customers' information contrary to the terms of
11  its own privacy policy and its customers' expectations.  And the protective order does nothing to
12  alleviate the cumulative burden to Amazon of potentially being forced to comply with future
13  requests by other class counsel.  Thus, this case is plainly distinguishable from *Ford Global*,
14  which Applicants cite, where Judge Robart found that the party opposing discovery "fail[ed] to
15  demonstrate how or why the protective order . . . [did] not adequately address [its] privacy
16  interests."  *Ford Global Technologies, LLC v. New World Int'l, Inc.*, No. C15-1329 JLR, 2015
17  WL 6507151, at *3 (W.D. Wash. Oct. 27, 2015).  By contrast, Applicants' protective order does
18  literally nothing to address the privacy concerns of Amazon and its customers.

19       Applicants belatedly propose that Amazon could contact its customers to see if they wish
20  to opt-out of any disclosure of their personally identifying information.  That proposal is also
21  unavailing.  Amazon has promised that it will not reveal customer information in circumstances
22  like these.  As set forth in Amazon's privacy policy, those customers are entitled to expect that
23  Amazon will "stand behind the promises [it] make[s]," rather than require its customers to take
24  further action to ensure that their personal information remains confidential. Dkt. # 1-1 at 46-50
25  (Ex. C).  Moreover, this proposal similarly fails to address the cumulative burden on Amazon of
26

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 10

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

being forced to participate in the claims administration process, which will have broad implications in future class actions.

### D. Disclosure Of The Information By Amazon Is Not Necessary.

Against the significant privacy concerns and burdens outlined above, the Court must weigh Applicants' purported need for customer information to comply with the "direct notice requirements of Rule 23(c)(2)(B)." Dkt. # 1 at 4. Class counsel can notify those interested in the class settlement via means than other than personal information obtained from Amazon. The most obvious means for such notice is publication. *See* 5 Fed. Proc. Forms § 11:122, Westlaw (database updated June 2016) (noting that provision of published notice to potential class members "is a long-accepted norm in large class actions"). In fact, Applicants concede that notice can be provided indirectly, having accounted for that in their motion seeking preliminary approval of the class settlement. *See* Dkt. # 1-1 at 22-23 (Ex. A) (providing proof of claim for class members who receive notice indirectly); *see also* Dkt. # 1 at 8 (noting that individual notice need only be provided to those "who can be identified through reasonable effort").

It is significant that Applicants concede that notice can be provided indirectly via publication, as it ensures that the requirements of due process will be met. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (articulating standard for notice of pending class action satisfying due process, including individual notice to persons whose names and addresses could be determined with reasonable effort and constructive notice by publication). Indeed, class action plaintiffs and administrators have been notifying and compensating consumer classes for decades without resort to third-party subpoenas to retailers. It is patently not true, as Applicants imply, that Amazon's refusal to provide customer data creates due process concerns.

Applicants claim to be seeking this information to "appris[e] class settlement members of their rights," Dkt. # 1 at 9, but class counsel has no role as a public protector. In that way, this motion is fundamentally distinguishable from the motion granted in *FTC v. Amazon.com, Inc.*, No. 14-CV-1038 JCC, 2015 WL 11256312 (W.D. Wash. Aug. 3, 2015). In that case, the FTC

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 11

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   brought suit against Amazon on behalf of certain Amazon account holders for in-app purchases
2   allegedly made by minors without the account holders' consent. The FTC sought personal
3   identifying information for customers who had complained to Amazon about such purchases. *Id.*
4   at *2. The court ultimately determined that disclosure of the requested information to the FTC
5   would not violate Amazon's privacy policy, but not before noting that the FTC intended to use
6   the information "to contact potentially injured customers . . . consistent with [its] *role as a*
7   *consumer protection agency.*" *Id.* at *3 (emphasis added). Moreover, unlike this case, in the
8   *FTC* matter Amazon was not only a party but the customer information was relevant to the
9   underlying claims at issue.

10      Applicants refer to Amazon customer information as "relevant" to the claims settlement
11  process. The "mere 'relevance' standard, however, does not apply to nonparties." *R. Prasad*
12  *Indus. v. Flat Irons Envtl. Sols. Corp.*, No. 12-CV-08261 PCT JAT, 2014 WL 2804276, at *2 (D.
13  Ariz. June 20, 2014). Instead, where discovery is sought from a non-party, and "the party
14  seeking the information can easily obtain the same information without burdening the nonparty,
15  the court will quash the subpoena." *Roosevelt Irrigation Dist. v. Salt River Project Agric.*
16  *Improvement & Power Dist.*, No. 2:10-CV-00290 DAE BGM, 2016 WL 159842, at *3 (D. Ariz.
17  Jan. 14, 2016); *accord Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D.
18  2011); *Peoples Nat'l Bank, N.A. v. Mehlman*, No. 4:15-CV-00996 AGF, 2016 WL 3268761, at
19  *2 (E.D. Mo. June 7, 2016); *see also Town of Wolfeboro v. Wright-Pierce*, No. 12-CV-130 JD,
20  2014 WL 1713508, at *1 (D.N.H. Apr. 30, 2014) ("[I]f a party seeking information from a
21  nonparty can easily obtain the same information elsewhere, that factor weighs in favor of
22  granting a motion [to] quash the subpoena."). Thus, the test is not relevance but necessity.
23  Because Amazon is a non-party (as are the customers whose information is being sought), the
24  fact that there are alternative methods of providing notice to potential class members further
25  compels that this motion be denied.
26

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 12

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

### III.  CONCLUSION

Given that the request under consideration would pose significant burdens upon non-parties Amazon and Amazon customers, and would do so merely for the convenience of class action counsel, Amazon respectfully requests that Applicants' motion to compel be denied.

DATED:  August 29, 2016.

STOEL RIVES LLP

*/s/ Vanessa Soriano Power*

Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Christopher Weiss, WSBA No. 14826
chris.weiss@stoel.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  (206) 624-0900
Facsimile:  (206) 386-7500

Attorneys for Non-Party Amazon.com, Inc.

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 13

87956400.5 0053837-00633

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alan M. Mansfield
WHATLEY KALLAS LLP
1 Sansome Street, 35th Floor, PMB #131
San Francisco, CA  94104
amansfield@whatleykallas.com

L. Timothy Fisher
Neal J. Deckant
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
ltfisher@bursor.com
ndeckant@bursor.com

Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com

NON-PARTY AMAZON.COM, INC.'S
RESPONSE TO MOTION TO COMPEL
(Case No. 2:16-MC-00131-RSL) - 14

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

87956400.5 0053837-00633